**SEALED**   **ORIGINAL**

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

2020 DEC 17  PM 2: 29

DEPUTY CLERK _____

| | |
|---|---|
| 3M COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **3-20CV3664-K** |
| v. | ) Case No. : _____ |
| | ) |
| MOONLIGHT MEDICAL SUPPLIES & | ) **SEALED / EX PARTE** |
| EQUIPMENT LLC d/b/a QUALITY | ) |
| RESOURCE COMPANY, | ) |
| | |
| Defendant. | |

---

### PLAINTIFF'S MOTION FOR LEAVE TO FILE CASE UNDER SEAL

---

Pursuant to Local Civil Rule 79.3, Plaintiff 3M Company ("3M") hereby respectfully moves this Court for an order permitting 3M leave to file the above referenced action under seal. Specifically, 3M requests that it be permitted to file under seal its Complaint and Request for Injunctive Relief; Motion for Leave to Exceed the Page Limit; Motion and Memorandum for Ex Parte Seizure Order, Temporary Restraining Order, and Preliminary Injunctive Relief; the instant Motion; and the accompanying declarations, affidavits, and exhibits thereto. In support of its Motion, 3M states as follows:

1.  Courts have recognized that the public has a common law right to inspect court records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978)). This right, however, is not absolute. *Id.* Courts have the discretion to seal the records in judicial proceedings, including "where court files might . . . become a vehicle for improper purposes." *See id.* (quoting *Nixon*, 435 U.S. at 598, 98 S.Ct. at 1312). In exercising this discretion to seal judicial records, a

1

court must balance the public's right of access against the interests favoring nondisclosure. *Id.* (citing *Nixon*, 435 U.S. at 599, 602, 98 S.Ct. at 1312, 1314).

2. 3M brings this action against Defendant Moonlight Medical Supplies & Equipment LLC, seeking emergency injunctive relief pursuant to 15 U.S.C. § 1116, including an *ex parte* seizure order directing Federal, state, and local authorities to seize counterfeit products and electronic and hardcopy records from Defendant.

3. Under the requirements of 15 U.S.C. § 1116, 3M is not permitted to "publicize[] the requested seizure." 15 U.S.C. § 1116(d)(4)(B)(ii). Further, the statute provides that **"[a]n order under this subsection, together with the supporting documents, shall be sealed until the person against whom the order is directed has an opportunity to contest such order**, except that any person against whom such order is issued shall have access to such order and supporting documents after the seizure has been carried out." *Id.* at § 1116(d)(8) (emphasis added).

4. The facts and circumstances of this case warrant filing this action under seal because there is a specific, serious, and substantial risk to the general public health and safety that will be eliminated if Defendant is not allowed the opportunity to rid itself of thousands of units of counterfeit personal protective equipment upon notice of a public filing of this action. There is no less restrictive means than filing this action under seal that will adequately and effectively protect the general public.

In light of the foregoing, 3M respectfully requests that the Court grant this Motion and permit 3M to file under seal its Complaint and Request for Injunctive Relief; Motion for Leave to Exceed the Page Limit; Motion and Memorandum for Ex Parte Seizure Order, Temporary Restraining Order, and Preliminary Injunctive Relief; and the accompanying declarations, affidavits, and exhibits thereto.

Respectfully submitted,

Dated: December 17, 2020

BARNES & THORNBURG LLP

*/s/ Mark C. Nelson*

Mark Nelson
Texas Bar No. 00794361
Juanita DeLoach
Texas Bar No. 24064218
Alicia Raines Barrs
Texas Bar No. 24109620
2121 N. Pearl Street, Suite 700
Dallas, TX 75201-2469
Telephone:   (214) 258-4200
Facsimile:    (214) 258-4199
Mark.nelson@btlaw.com
Juanita.deloach@btlaw.com
Alicia.rainesbarrs@btlaw.com

OF COUNSEL:
Patricia Volpe
(Pro Hac Vice To Be Filed)
Minnesota Bar No. 0392872
Autumn Gear
(Pro Hac Vice To Be Filed)
Minnesota Bar No. 0398236
225 South Sixth Street, Ste 2800
Minneapolis, MN 55402
Telephone:   (612) 333-2111
Facsimile:    (612) 333-6798
trisha.volpe@btlaw.com
autumn.gear@btlaw.com

*Attorneys for Plaintiff 3M Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| 3M COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. : _____ |
| | ) |
| MOONLIGHT MEDICAL SUPPLIES & | ) SEALED / EX PARTE |
| EQUIPMENT LLC d/b/a QUALITY | ) |
| RESOURCE COMPANY, | ) |
| | |
| Defendant. | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE CASE UNDER SEAL**

Plaintiff 3M Company's Motion for Leave to File Case Under Seal came on for hearing in this Court. Having considered Plaintiff's Motion and the exhibits thereto, this Court hereby **ORDERS** that:

1. Plaintiff's Motion for Leave to File Case Under Seal is **GRANTED**.

2. Plaintiff's Complaint and Request for Injunctive Relief; Motion for Leave to Exceed the Page Limit; Motion and Memorandum for Ex Parte Seizure Order, Temporary Restraining Order, and Preliminary Injunctive Relief; and the accompanying declarations, affidavits, and exhibits thereto, in the order listed, are deemed filed as of the date of this Order.

3. Any future documents filed in this matter shall be filed under seal, using this order as authority to do so.

4. All documents filed under seal shall remain under seal until 60 days after the final disposition of this case in accordance with Local Civil Rule 79.4.

**SO ORDERED**.

1

Dated: _____               _____
                                    United States District Judge