IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 3M COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-3664-K |
| | § | |
| MOONLIGHT MEDICAL SUPPLIES & | § | **SEALED / EX PARTE** |
| EQUIPMENT LLC, | § | |
| | § | |
| Defendant. | § | |

## *EX PARTE* SEIZURE ORDER AND TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff 3M Company's ("Plaintiff") Motion and Memorandum for *Ex Parte* Seizure Order, Temporary Restraining Order, and Preliminary Injunctive Relief (Doc. No. 3). After careful consideration of Plaintiff's Motion and Memorandum, Complaint (Doc. No. 1), the supporting declaration and exhibits, the remainder of the record, and the applicable law, the Court **GRANTS** the Motion for *Ex Parte* Seizure Order and the Motion for Temporary Restraining Order as follows. The Court defers ruling on the Motion for Preliminary Injunctive Relief at this time.

### I.   Findings of Fact

The following findings of fact and conclusions of law are made in support of the relief granted. These findings of fact do not control the ultimate determination of facts at trial.

1

1. Plaintiff is a well-known company that sells healthcare and safety products, along with many other types of products. Among its many products, Plaintiff sells 3M N95 respirators.

2. Plaintiff is the licensee of the following registered trademarks: (i) Trademark Reg. No. 3,398,329, which covers the standard 3M mark; (ii) U.S. Trademark Reg. No. 2,692,036, which covers the 3M logo for "full line of surgical masks, face shields, and respiratory masks for medical purposes"; and (iii) U.S. Trademark Reg. No. 2,793,534, which covers the 3M design mark for respirators.

3. Plaintiff has common law trademark rights.

4. Plaintiff's trademarks have been used continuously in commerce.

5. Plaintiff has authorized 3M distributors and wholesalers.

6. Defendant Moonlight Medical Supplies & Equipment LLC ("Defendant") is a limited liability company organized under the laws of the State of Texas in April 2020. Defendant has locations at 1002 North Central Expressway, Suite 495, Richardson, Texas 70580, and 5151 Headquarters Drive, Suite 260, Plano, Texas 75024-0022. Defendant holds itself out to be a distributor and manufacturer of personal protective equipment for medical workers, first responders, and the general public.

7. Defendant is not an authorized 3M distributor or wholesaler. Plaintiff has no affiliation or association with Defendant.

8.	Defendant, through its website, social media, and agents, advertises and sells what it alleges to be authentic 3M N95 respirators. Defendant sells these respirators at much higher prices than Plaintiff sells its authentic 3M N95 respirators.

9.	On September 25, 2020, Plaintiff first learned of Defendant's sale of counterfeit respirators, through its social media monitoring. On September 18, 2020, Defendant posted about a special offer on 3M N95 respirators. After review of Defendant's website and discovery that Defendant, who is not an authorized distributor, sold counterfeit 3M N95 respirators. Plaintiff hired an investigator to purchase twenty of these respirators from Defendant and inquire about Defendant's inventory numbers. Plaintiff's Senior Trademark Counsel, Michael Gannon, inspected the samples and concluded that Defendant's respirators were counterfeit.

10.	Defendant's website represents that it supplies 3M N95 respirators that are "FDA Cleared for use as surgical mask[s]." Defendant advertised that the respirator is "100% Authetic[sic]" 3M 1860 Respirator Mask."

11.	Defendant published a YouTube video in which Defendant describes the difference between counterfeit and authentic 3M N95 respirators. Plaintiff swears that both masks in the video are counterfeit based on indicators in the packaging. Plaintiff also swears that Defendant gave wrong information about how to identify counterfeit 3M N95 respirators.

12.	Defendant is profiting from the established reputation of Plaintiff. As a result, the reputation for quality and maintenance of authorized distribution channels

for products offered by Plaintiff is being undermined by Defendant's sale of counterfeit 3M N95 respirators. While in the middle of a global pandemic, the general public and first responders place their confidence and health in the quality and reputation of companies like Plaintiff when deciding what personal protective equipment to purchase. Placing counterfeit 3M N95 respirators into the stream of commerce and representing they are FDA approved is dangerous for public health, especially in light of COVID-19. As a result of Defendant's conduct, Plaintiff and the public at large are being irreparably injured.

## II.     Conclusions of Law

13.     Plaintiff is likely to succeed on the merits of its claims against Defendant. There is no adequate remedy at law, and in the absence of an *ex parte* seizure order and temporary restraining order, Plaintiff will suffer serious irreparable harm and injury. Specifically, Defendant's conduct has been deliberate and willful trademark infringement in that Defendant used the reputation of the registered and common law trademarks owned by or licensed to Plaintiff. Plaintiff is suffering and will continue to suffer irreparable harm by Defendant's actions unless this Court orders injunctive relief. Because Defendant has placed counterfeit 3M N95 respirators into the stream of commerce, Plaintiff will suffer or continue to suffer irreparable loss and damage to its trade, reputation, and good will for which there is no adequate remedy at law.

14.     The harm to Plaintiff and the public far outweigh the harm to Defendant in an injunction. Defendant's actions of placing counterfeit 3M N95 respirators into

the public during the middle of a global pandemic underscores the urgency of this matter and the need for injunctive relief to protect Plaintiff's rights and safeguard the public health.

15. Plaintiff requests the Court to enter an *ex parte* seizure order to seize from Defendant's possession goods identified in Paragraph 17. The Court finds that it clearly appears from specific facts that: (1) no order other than an *ex parte* seizure order, temporary restraining order, and preliminary injunction are adequate to preclude infringement; (2) Plaintiff has not publicized the requested seizure; (3) Plaintiff is likely to succeed on the merits in establishing Defendant's activities constitute counterfeiting under federal and Texas state trademark law; (4) Plaintiff will suffer irreparable harm if the *ex parte* seizure order, temporary restraining order, and preliminary injunction are not ordered; (5) the injury to Plaintiff, and the public, in this action substantially outweighs any harm to Defendant caused by an order for seizure, temporary restraining order, or preliminary injunction; (6) Defendant is likely to destroy, hide, or move the goods if given prior notice of the seizure; and (7) the items to be seized are located at 1002 North Central Expressway, Suite 495, Richardson, Texas 70580, and 5151 Headquarters Drive, Suite 260, Plano, Texas 75024-0022.

### III.   *Ex Parte* Order of Seizure

16. For the reasons stated, the Court **GRANTS** Plaintiff's Motion for *Ex Parte* Seizure Order.

17. It is further **ORDERED** that no later than **seven (7)** days after entry of this Order the United States Marshal's office shall seize the following goods:

   a. all products from Defendant's possession, custody, or control at 1002 North Central Expressway, Suite 495, Richardson, Texas 70580, and 5151 Headquarters Drive, Suite 260, Plano, Texas 75024-0022, which bear any 3M trademarks, including the standard-character mark "3M" and the 3M logo **3M** (the "3M Marks"), so that said products might be inspected and so that counterfeit products might be surrendered to 3M for destruction at Defendant's cost; and

   b. all electronic and hard copy records of Defendant's sourcing, supply, manufacture, and sales of products bearing any 3M Marks so that they may be copied and provided to 3M.

18. The known locations of the goods to be seized are 1002 North Central Expressway, Suite 495, Richardson, Texas 70580, and 5151 Headquarters Drive, Suite 260, Plano, Texas 75024-0022.

19. It is further **ORDERED** that in effecting the seizure, the United States Marshals Service shall:

   a. Search the premises identified in Paragraph 18;

   b. Use reasonable force to gain access into the premises, its rooms and storage areas; and

6

      c. Seize and inventory the goods and assume legal control over the goods but give physical custody of the goods to Plaintiff's designated agents so that the goods may be transported and stored at Plaintiff's expense.

20. It is further **ORDERED** that Plaintiff has the right to copy and return copies of all seized documentary records.

21. It is further **ORDERED** that Defendant shall be served directly or through its agents or employees with a copy of this *Ex Parte* Seizure Order by the United States Marshals Service at the time of seizure.

22. It is further **ORDERED** that Defendant provide to Plaintiff a full list with contact information of all persons and entities to whom Defendant shipped or delivered goods with a 3M Mark as described in Paragraph 17.

23. The hearing at which time Defendant may seek release of seized goods is set for **December 30, 2020 at 10:00 a.m.** This hearing will take place on Zoom, or another method designated by the Court. The corresponding link will be posted on ECF.

24. <u>No publicity shall be made of this *Ex Parte* Seizure Order.</u>

25. This *Ex Parte* Seizure Order together with the supporting documents including the Complaint and application for *ex parte* seizure shall be sealed until Defendant has an opportunity to contest the *Ex Parte* Seizure Order or the action is resolved, whichever comes first.

## IV.   *Ex Parte* Temporary Restraining Order

26.   The Court also **GRANTS** Plaintiff's Motion for *Ex Parte* Temporary Restraining Order as follow. The Court **ORDERS** that Defendant, its agents, servants, employees, officers and all persons and entities in active concert and participation with Defendant during the pendency of this action are hereby temporarily enjoined and restrained from:

   a. using the 3M Marks and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators;

   b. engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing itself as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators);

   c. falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; and

   d. offering to sell any of 3M's products at a price and/or in a manner that would constitute a violation of Texas Business & Commerce Code §§ 16.001 *et seq.*, and Texas Common Law.

27.   It is further **ORDERED** that Defendant shall file and serve on Plaintiff within thirty (30) days after service of this *Ex Parte* Seizure Order, a written report under oath setting forth in detail the manner and form in which Defendant has complied with the Order.

28.   This Order was granted *ex parte* and without notice to Defendant because immediate and irreparable harm will result to Plaintiff, and to the public, before Defendant can be heard in opposition.

29.   Because this *Ex Parte* Temporary Restraining Order cannot, absent Defendant's agreement, extend past the date and time stated in Paragraph 31, the Court will accelerate the usual schedule for considering the Motion for Preliminary Injunctive Relief. *See* FED. R. CIV. P. 65(b). The preliminary injunction hearing is **set for the same time and forum as the hearing set forth in Paragraph 23**. In this hearing, Defendant shall to show cause why the Court should not enter an order granting preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) enjoining all acts described in Paragraph 26. Plaintiff may file a supplement brief on its Motion for Preliminary Injunctive Relief **on or before December 21, 2020 at 5:00 p.m.** Defendant shall file any opposition to such order **on or before December 28, 2020 at 8:00 a.m.** Defendant is warned that failure to timely file an opposition waives the right to be heard at the hearing, and the Court may enter an order based upon the papers on file. *See* L.R. 7.1. Plaintiff may file a reply brief, but not additional evidence, **on or before December 29, 2020 at 12:00 p.m.**

30. Plaintiff shall not be required to post a cash or surety bond with the Clerk of Courts as security.

31. **This *Ex Parte* Temporary Restraining Order expires on January 1, 2020 at 4:30 p.m.**

**SO ORDERED**.

Signed on December 18, 2020 at 4:30 p.m.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

10