## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **3M COMPANY,** | |
| Plaintiff, | |
| **v.** | **CASE NO.: 3:20-cv-3664-K** |
| **MOONLIGHT MEDICAL SUPPLIES & EQUIPMENT LLC d/b/a QUALITY RESOURCE COMPANY,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## DEFENDANT MOONLIGHT MEDICAL SUPPLIES & EQUIPMENT LLC D/B/A QUALITY RESOURCE COMPANY'S ANSWER

Defendant Moonlight Medical Supplies & Equipment LLC d/b/a Quality Resource Company ("Defendant") files this Answer to Plaintiff 3M Company's ("Plaintiff" or "3M") Original Complaint, and states the following:

## ANSWER

1.      Denied.

2.      Denied.

3.      Denied.

4.      Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 4, and on that basis, deny the claim.

5.      Defendant admits that it has no prior or existing business relationship with 3M. Defendant denies the remaining allegations of Paragraph 5.

6.      Admitted.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

12.      Denied.

13.      The Court has entered the requested *ex parte* order, and, thus, there is no allegation here for Defendant to admit or deny.

14.      There is no allegation here for Defendant to admit or deny.

15.      There is no allegation here for Defendant to admit or deny.

16.      Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 16, and on that basis, deny the claim.

17.      Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 17, and on that basis, deny the claim.

18.      Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 18, and on that basis, deny the claim.

19.      Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 19, and on that basis, deny the claim.

20.      Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 20, and on that basis, deny the claim.

21.      Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 21, and on that basis, deny the claim.

22.      Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph

22, and on that basis, deny the claim.

      23.    Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 23, and on that basis, deny the claim.

      24.    Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 24, and on that basis, deny the claim.

      25.    Admitted except as to the language, "[l]ike many entities formed with the intention of exploiting the COVID-19 pandemic."  This language is denied.

      26.    Defendant admits its website noted it is a "distributor and manufacturer of Personal Protective Equipment for medical workers, first responders, and the general public." Defendant denies the remaining allegations of Paragraph 26.

      27.    Admitted.

      28.    Admitted.

      29.    Defendant admits it has purposefully availed itself of the privilege of transacting business in this District.  Defendant admits it is a Texas limited liability company, with its principal place of business in Richardson, Texas.  Defendant denies the remaining allegations of Paragraph 29.

      30.    Defendant admits venue in this District is proper. Defendant denies the remaining allegations of Paragraph 30.

      31.    Admitted.

      32.    Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 32, and on that basis, deny the claim.

      33.    Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 33, and on that basis, deny the claim.

      34.    Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph

34, and on that basis, deny the claim.

35.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 35, and on that basis, deny the claim.

36.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 36, and on that basis, deny the claim.

37.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 37, and on that basis, deny the claim.

38.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 38, and on that basis, deny the claim.

39.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 39, and on that basis, deny the claim.

40.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 40, and on that basis, deny the claim.

41.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 41, and on that basis, deny the claim.

42.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 42, and on that basis, deny the claim.

43.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 43, and on that basis, deny the claim.

44.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 44, and on that basis, deny the claim.

45.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 45, and on that basis, deny the claim.

46.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph

DEFENDANT'S ANSWER

46, and on that basis, deny the claim.

47.     Denied.

48.     Defendant admits the Facebook posting shown in Paragraph 48 was an actual Facebook post made and published by Defendant.  Defendant denies the remaining allegations of Paragraph 48.

49.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 49, and on that basis, deny the claim.

50.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 50, and on that basis, deny the claim.

51.     Defendant admits a representation was made to a potential customer that Defendant had an inventory of at least 20,000 3M N95 1860 respirators, which was offered for sale to potential customers at $6.50 per unit.

52.     Defendant admits a representation was made to a potential customer that Defendant can obtain and will resell 3M 8210 respirators at a price of $4.80 per unit, with an 8-15 day lead time.

53.     Defendant admits that Exhibit 9 to the Complaint shows a page from Defendant's website and said "[w]e are recognized as one of the leading medical equipment supply providers in the greater Dallas-Ft. Worth area."  Defendant denies the remaining allegations of Paragraph 53, including those concerning Exhibit 9.

54.     Admitted.

55.     Admitted.

56.     Defendant admits that 1860 respirators were sold at $8.00 per unit price for 20 units. Defendant admits that 1860 respirators were sold at $6.50 per unit price for 20,000 units.  Defendant admits that 8210 respirators were sold at $4.80 per unit price for $20,000 units.  Defendant lacks

**DEFENDANT'S ANSWER**

sufficient knowledge to admit or deny the allegations concerning 3M's Per-Unit Price and approximate markup, and on that basis, denies them.  Defendant denies the remaining allegations of Paragraph 56.

57.     Defendant admits the video represented in Paragraph 57 was once a video made publicly available by Defendant on Youtube.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     To the extent Paragraph 64 contains any allegations, Defendant denies them.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     To the extent Paragraph 78 contains any allegations, Defendant denies them.

79.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 79, and on that basis, deny the claim.

80.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 80, and on that basis, deny the claim.

81.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 81, and on that basis, deny the claim.

82.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 82, and on that basis, deny the claim.

83.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 83, and on that basis, deny the claim.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 88, and on that basis, deny the claim.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

DEFENDANT'S ANSWER

95.      Denied.

96.      Denied.

97.      To the extent Paragraph 97 contains any allegations, Defendant denies them.

98.      Denied.

99.      Denied.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied.

104.     To the extent Paragraph 104 contains any allegations, Defendant denies them.

105.     There is nothing to admit or deny in Paragraph 105.

106.     Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 106, and on that basis, deny the claim.

107.     Denied.

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

112.     Denied.

113.     Denied.

114.     Denied.

115.     To the extent Paragraph 115 contains any allegations, Defendant denies them.

116.     Denied.

117.     Denied.

**DEFENDANT'S ANSWER**

118.    Denied.

119.    Denied.

120.    Denied.

121.    To the extent Paragraph 121 contains any allegations, Defendant denies them.

122.    Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 122, and on that basis, deny the claim.

123.    Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 123, and on that basis, deny the claim.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    To the extent Paragraph 134 contains any allegations, Defendant denies them.

135.    Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 135, and on that basis, deny the claim.

136.    Denied.

137.    Denied.

138.    Denied.

139.    To the extent Paragraph 139 contains any allegations, Defendant denies them.

140.    Defendant lack sufficient knowledge to admit or deny the allegations of Paragraph 140, and on that basis, deny the claim.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

## RESPONSE TO PRAYER

147.    Defendant denies that Plaintiff is entitled to recover any relief requested or any other relief sought herein.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

As affirmative defenses, and without waiving any of the forgoing denials, Defendant alleges:

148.    The respirators sold by Defendant are in whole, or in part, authentic 3M N95 respirators.

149.    Plaintiff's claims are barred by the doctrine of waiver.

150.    Plaintiff's claims are barred by the doctrine of estoppel.

151.    Plaintiff failed to mitigate damages, if any exist.

152.    Plaintiff failed to deliver to Defendant required notices, and comply with the 60 day notice provision of the Deceptive Trade Practices Act, prior to commencement of this action.

## DEMAND FOR JURY TRIAL

153.    Defendant requests a trial by jury on all issues so triable.

**DEFENDANT'S ANSWER**

Date: February 10, 2021

Respectfully submitted,

By:*/s/ Sul Lee*
SUL LEE
State Bar No.24078844
Sul Lee Law Firm PLLC
3030 LBJ Fwy, Suite 1130
Dallas, Texas 75234
Sul@sulleelaw.com
Tel. (214) 206-4064
Fax. (214) 206-4068

**ATTORNEYS FOR DEFENDANT**
**MOONLIGHT MEDICAL & SUPPLIES**
**LLC d/b/a QUALITY RESOURCE**
**COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 10, 2021, the forgoing was served on all counsel of record via the Court's electronic filing service.

*s/ Papool S. Chaudhari*
Papool S. Chaudhari

**DEFENDANT'S ANSWER**